UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE CHARTER OAK FIRE INSURANCE COMPANY,

                                                                 19-CV-4212

                 Plaintiff,

             -against-

ZURICH AMERICAN INSURANCE COMPANY and
SLADE INDUSTRIES, INC.,

                 Defendants.
-----------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE CHARTER OAK FIRE INSURANCE COMPANY ("Charter Oak"), by its attorneys, Keane and Associates, as and for its Complaint for Declaratory Judgment against Defendants, ZURICH AMERICAN INSURANCE COMPANY ("Zurich") and SLADE INDUSTRIES, INC. ("Slade"), alleges upon information and belief as follows:

### Nature of the Action

1.     In this action, Charter Oak seeks a declaration that Zurich is obligated to defend and to indemnify ASB L3 72-76 Greet Street, LLC ("ASB") in connection with an underlying action filed by Josue Bulnes (the "Claimant") against ASB seeking damages the Claimant allegedly sustained in a fall on a stairway.

### Parties

2.     At all times relevant hereto, Charter Oak was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

3. Upon information and belief, at all times relevant hereto, Zurich was and is a foreign corporation with a principal place of business in New York, New York.

4. Upon information and belief, at all times relevant hereto, Slade was and is a domestic corporation organized and existing under and by virtue of the laws of the State of New Jersey and maintains a principal place of business in Mountainside, New Jersey.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. Section 1332 and 28 U.S.C. Section 2201.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

7. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Zurich.

8. Plaintiff has no adequate remedy at law.

## Insurance Policies

9. Charter Oak issued Commercial General Liability Policy Y-660-3E741669-COF-16 to ASB for the policy period of 04/01/2016 to 04/01/2017 (the "Charter Oak Policy").

10. The Charter Oak Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

11. The Charter Oak Policy contains an excess "other insurance" clause that provides that coverage under the Charter Oak Policy is excess over any other coverage available to ASB as an additional insured.

12. Defendant Zurich issued Commercial General Liability Policy GLO 6445435-25 to Schindler Elevator Corporation, which includes Slade as a named insured for the policy period of 01/01/2016 to 01/01/2017 (the "Zurich Policy"). A copy of the Zurich Policy is attached hereto and incorporated herein as Exhibit "A."

13. The Zurich Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

14. By endorsement (CG 20 10 04 13), the Zurich Policy provides in pertinent part as follows:

> ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PESRON OR ORGANIZATION
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **SCHEDULE**
>
> | Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
> |---|---|
> | ONLY THOSE AS REQUIRED BY WRITTEN CONTRACT. | ONLY THOSE AS REQUIRED BY WRITTEN CONTRACT. |
>
> Information required to complete this Schedule, if not shown above, will be shown in the Declarations.
>
> A. Section II – Who Is An Insured is amended to include as an insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury," . . . caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
> 2. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured(s) and the location(s) designated above.

15. By endorsement (CG 20 26 04 13), the Zurich Policy provides in pertinent part as follows:

ADDITIONAL INSURED – DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s): |
|---|
| ONLY THOSE PERSONS OR ORGANIZATIONS WHERE REQUIRED BY WRITTEN CONTRACT |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

    A.    Section II – Who Is An Insured is amended to include as an insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury," . . . caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

        1.    In the performance of your ongoing operations; . . . .

## Background Facts

16. On or about June 13, 2016, Slade entered into a contract with ASB for the modernization of one elevator at 76 Greene Street, NY, NY (the "Elevator Project") pursuant to which Slade was to modernize one elevator (the "Contract"). A copy of the Contract is attached hereto and incorporated herein as Exhibit "B."

17. Pursuant to the Contract, Slade was required to obtain "insurance for protection from . . . claims for damages because of bodily injury, including death. . ." and to name ASB as

an additional insured for claims caused in whole or in part by Slade's negligent acts or omissions.

18.   The Claimant was allegedly injured on December 22, 2016 when he fell on an interior staircase while working on the Elevator Project in the course and scope of employment for Slade.

19.   On or about October 5, 2017, the Claimant filed a lawsuit against ASB in the Supreme Court of the State of New York for the County of Bronx which was assigned Index No. 29412/2017 (the "Underlying Action").

20.   In the Underlying Action, the Claimant alleges, *inter alia*, that he sustained certain injuries when he fell at the Elevator Project as a result of ASB's negligence.

21.   Charter Oak is defending ASB in the Underlying Action.

22.   In the Underlying Action, the Claimant seeks to recover for alleged injuries which were caused in whole or in part by Slade's acts or omissions in its ongoing operations or the acts or omissions of those acting on Slade's behalf.

### Tender to Zurich

23.   ASB qualifies as an additional insured under the Zurich Policy.

24.   By correspondence, dated November 1, 2017, Charter Oak timely notified Zurich of the alleged accident and Underlying Action and demanded that Zurich defend and indemnify ASB as an additional insured under the Zurich Policy. A copy of the correspondence to Zurich is attached hereto and incorporated herein as Exhibit "C."

25.   By correspondence, dated January 24, 2018, Charter Oak again tendered the Underlying Action and demanded that Zurich defend and indemnify ASB as an additional

insured under the Zurich Policy. A copy of the correspondence to Zurich is attached hereto and incorporated herein as Exhibit "D."

26. By correspondence, dated November 28, 2018, Charter Oak again tendered the Underlying Action and demanded that Zurich defend and indemnify ASB as an additional insured under the Zurich Policy. A copy of the correspondence to Zurich is attached hereto and incorporated herein as Exhibit "E."

27. By correspondence, dated February 8, 2019, Charter Oak once again tendered the Underlying Action and demanded that Zurich defend and indemnify ASB as an additional insured under the Zurich Policy. A copy of the correspondence to Zurich is attached hereto and incorporated herein as Exhibit "F."

28. By letter dated February 7, 2019, Zurich disclaimed coverage and refused to defend and to indemnify ASB in connection with the Underlying Action.

29. Accordingly, Charter Oak seeks a declaration that Zurich has an obligation to defend and indemnify ASB as an additional insured; that the coverage provided by the Zurich Policy is primary; and that the obligations of Charter Oak to ASB in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Zurich Policy.

30. In addition, Charter Oak seeks an award at law and in equity against Zurich for recovery of all sums Charter Oak has incurred and continues to incur in the defense of ASB in the Underlying Action because the coverages provided by the Zurich Policy are primary to any coverage provided by Charter Oak.

**Claim for Declaratory Relief**

Wherefore, Plaintiff Charter Oak respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that the Zurich Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Zurich Policy have been complied with and met.

3. Declaring that the alleged accident and Underlying Action fall within the coverage afforded by the Zurich Policy.

4. Declaring that Defendant Zurich owes a duty to defend ASB in connection with the Underlying Action.

5. Declaring that Defendant Zurich owes a duty to indemnify ASB in connection with the Underlying Action.

6. Declaring that Defendant Zurich's coverage obligations to ASB in connection with the Underlying Action are primary.

7. Declaring that Plaintiff Charter Oak's coverage obligations under the Charter Oak Policy are excess to those of Defendant Zurich with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Charter Oak and Defendant Zurich with respect to Zurich's duty to defend and to indemnify ASB in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Charter Oak against Defendant Zurich for all sums Charter Oak has paid in defending ASB as to the Underlying Action.

10. Granting an award in favor of Plaintiff Charter Oak for the costs of suit incurred herein.

11. Granting such other and further relief as the Court may deem just and proper.

Dated: Hartford, Connecticut
May 9, 2019

RESPECTFULLY SUBMITTED:

PLAINTIFF
The Charter Oak Fire Insurance Company

By: _____
Meg R. Reid (#4858510)
KEANE AND ASSOCIATES
Attorneys for Plaintiff
Direct: 860.954.9452
Fax: 844.571-3789
Email: mrreid@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
485 Lexington Avenue, 6th Floor
New York NY 10017